UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES LYNN MURRAY, JR.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 15-CV-5720 RJB<br>96-CR-5367 RJB<br><br>ORDER ON MOTION TO RECONSIDER ORDER ON MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY |

This matter comes before the Court on the government's Motion for Reconsideration of Order Granting Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Dkt. 18. The Court has considered the pleadings filed regarding the motion, and the remainder of the file herein.

The facts are in the November 19, 2015 Order on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 16, at 1-4) and are adopted here. That Order granted Petitioner's motion.

ORDER - 1

The government now files a Motion for Reconsideration (Dkt. 18) arguing that the Court "overlooked or misapprehended" its arguments and the holdings of various cases. It argues that Petitioner's claims are procedurally defaulted, that he has not shown that a *Johnson v. United States*, 135 S.Ct. 2551 (2015) error occurred, and any claim under *Descamps* is time barred. Dkt. 18.

Local Rule W.D. Wash. 7(h)(1) provides: "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

The government's motion for reconsideration (Dkt. 18) should be denied. It has not shown a "manifest error in the prior ruling." It has not shown "new facts or legal authority which could not have been brought to the [Court's] attention earlier with reasonable diligence."

It argues that the Court failed to consider the holdings of (or its argument regarding) *Marrero v. Ives*, 682 F.3d 1190, 1193-94 (9th Cir. 2012) and its application to *Bousley v. United States,* 523 U.S. 614 623 (1998). These cases should not alter the Court's decision. *Marrero,* which was a case addressing sentence enhancements under the guidelines, was not a case where the law had changed, unlike here with *Johnson*. Further, it specifically held that it was not resolving the "question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the [§2241] escape hatch." *Id.,* at 1193. Moreover, the Court there recognized that other circuits have "suggested that a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible" or "that a petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a

1 constitutional violation." *Id.*, at 1194-1195. Petitioner asserted both here. The decision to
2 excuse Petitioner from the procedural default should be affirmed.

3 The government argues that Petitioner did not show that an error under *Johnson* was
4 committed, and again maintains that any claim under *Descamps* is time barred. Petitioner
5 sufficiently showed that a *Johnson* error occurred. Further, "actual innocence, if proved, serves
6 as a gateway through which a petitioner may pass whether the impediment is a procedural bar
7 [or] . . . expiration of the statue of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928
8 (2013). Petitioner's showing of "actual innocence" of being an "armed career criminal" is
9 sufficient to excuse both the procedural bar or time bar. The decision to grant his petition should
10 be affirmed.

**ORDER**

Therefore, it is hereby **ORDERED** that:

- The Motion for Reconsideration of Order Granting Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 18) is **DENIED;**

- The November 19, 2015 Order on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 16) is **AFFIRMED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20th day of November, 2015.

_____
ROBERT J. BRYAN
United States District Judge